IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IMAN MUHAMMAD, | ) | 4:15CV3136 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TECUMSEH STATE | ) | |
| CORRECTIONS, SCOTT | ) | |
| BUSBOOM, Associate Warden, and | ) | |
| MEDICAL DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Iman Muhammad's Complaint (Filing No. 1). *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons discussed below, the court finds Muhammad seeks monetary relief from defendants who are immune from suit. On the court's own motion, Muhammad will have 30 days in which to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Muhammad is incarcerated at the Nebraska State Penitentiary in Lincoln, Nebraska. His claims are based on incidents that occurred while he was incarcerated at the Tecumseh State Correctional Institution in Tecumseh, Nebraska ("TSCI"). He has sued the TSCI, the TSCI's medical department, and the TSCI's associate warden, Scott Busboom. Liberally construed, Muhammad asserts Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983.

Muhammad alleged that on July 17, 2015, prison officials discovered he was involved in a sexual relationship with two female prison guards. Upon this discovery, prison officials questioned Muhammad "for at least 10 hours." In addition, Busboom terminated Muhammad from his prison job as a CNA on August 10, 2015.

Muhammad alleged both female prison guards had been counseled and reprimanded previously for "inappropriate contact" with inmates. (Filing No. 1 at CM/ECF p. 5.)

Muhammad claims prison officials were "negligent/indifferent" to his safety. (Filing No. 1 at CM/ECF p. 5.) For relief, he asks for $2.5 million in damages. (Filing No. 1 at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than

other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A.     Sovereign Immunity**

Muhammad named the TSCI, the TSCI medical department,[1] and Scott Busboom as the defendants. Muhammad did not specify whether Busboom is sued in his official capacity, individual capacity, or both. As such, the court assumes he is sued in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

---

[1] The TSCI and its medical department appear to be agencies of the State of Nebraska, not distinct legal entities. *See Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S. D. N. Y. 1994) (jails are not entities amenable to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

The first question the court must address is to what extent, if any, the Eleventh Amendment bars Muhammad's claims. The Eleventh Amendment to the United States Constitution provides states, state agencies, and state officials acting in their official capacities with immunity from suits brought by citizens of other states and from suits brought by a state's own citizens. *See Hadley v. North Arkansas Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996), *cert. denied*, 519 U.S. 1148 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply to cases involving requests for purely retroactive relief. *Green v. Mansour*, 474 U.S. 64 (1985).

Muhammad seeks monetary relief from the State of Nebraska and its officials for alleged *past* violations of federal law. There is nothing in the record to suggest the State of Nebraska waived, or that Congress overrode, sovereign immunity here. Thus, Muhammad's claims against the defendants for monetary relief are barred by the Eleventh Amendment.

On the court's own motion, the court will give Muhammad an opportunity to file an amended complaint that states a claim for relief against a defendant who is not immune from suit. To the extent Muhammad intends to sue Busboom in his individual capacity, official capacity, or in both capacities, he must so specifically state in his amended complaint.

**B.     State-Law Claims**

Pending amendment of Muhammad's Complaint, the court makes no finding with respect to its jurisdiction over his state-law claims.

IT IS THEREFORE ORDERED that:

1.     Muhammad has 30 days in which to file an amended complaint that states a claim for relief against a defendant who is not immune from suit.

2.     The clerk of the court is directed to set a pro se case management deadline in this case: March 18, 2016: check for amended complaint.

3.     To avoid confusion, any document Muhammad sends to the clerk of the court for filing in this case must clearly display the case number.

DATED this 19th day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge