IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| IMAN MUHAMMAD, | ) | 4:15CV3136 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| SCOTT BUSBOOM, | ) | |
| | ) | |
| Defendant. | ) | |

On February 19, 2016, the court entered an order on initial review in which the plaintiff was directed to file an amended complaint that states a claim for relief against a defendant who is not immune from suit (Filing No. 11). Plaintiff has attempted to comply with the court's order by filing an amended complaint solely against Scott Busboom in his individual capacity (Filing No. 12).[1]

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges that while incarcerated at the Tecumseh State Correctional Institution ("TSCI"), he had sexual contact with two female staff members. Plaintiff "claims prison officials were 'negligent/indifferent' to his safety of (at least) a 2 year period," and, more specifically, claims Defendant Busboom, as an associate warden, "violate[d] [his] Constitutional rights by knowingly and intentionally failing to act on multiple reports of 'inappropriate contact' with inmates (including [Plaintiff])" (Filing No. 12 at CM/ECF p. 2).

---

[1] Upon the filing of the amended complaint, the clerk of the court terminated the Tecumseh State Correctional Institution and its Medical Department as party defendants.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849.

## III. DISCUSSION

An Eighth Amendment claim for failure to protect is comprised of two elements. First, an "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the inmate must establish that the defendant prison official recklessly disregarded that risk. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). In other

words, the prison official must be deliberately indifferent to an inmate's safety. *Farmer*, 511 U.S. at 834.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (internal quotation and citations omitted). *"*To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind. *Id.* "[W]elcome and voluntary sexual interactions, no matter how inappropriate, cannot as matter of law constitute 'pain' as contemplated by the Eighth Amendment. *Id.* at 1339 (holding that prisoner who entered into consensual relationship with guard had not established the existence of the objective component of a cause of action under the Eighth Amendment).

Plaintiff has failed to allege any facts to show that his sexual contact with the two female staff members at TSCI caused him "pain" as contemplated by the Eighth Amendment. The amended complaint therefore fails to state an actionable failure-to-protect claim against Defendant Busboom.

## IV. CONCLUSION

The court will give Plaintiff one more opportunity to allege sufficient facts to state a claim for relief.

IT IS THEREFORE ORDERED that:

1. Plaintiff has 30 days in which to file a second amended complaint that states a claim for relief against Defendant Busboom in his individual capacity.

2. The clerk of the court is directed to set a pro se case management deadline in this case: May 31, 2016: check for second amended complaint.

3. To avoid confusion, any document Plaintiff sends to the clerk of the court for filing in this case must clearly display the case number.

DATED this 29th day of April, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge