IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| IMAN MUHAMMAD, | ) | 4:15CV3136 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| SCOTT BUSBOOM, | ) | |
| | ) | |
| Defendant. | ) | |

On April 29, 2016, the court entered an order in which the plaintiff, Iman Muhammed, formerly known as Daryle M. Duncan, was directed to file a second amended complaint that states a claim for relief against the defendant, Scott Busboom, in his individual capacity (Filing No. 13). A second amended complaint was received and docketed by the clerk of the court on May 12, 2016 (Filing No. 14).

The second amended complaint will be considered as supplemental to, rather than as superseding, the plaintiff's first amended complaint (Filing No. 12). *See* NECivR 15.1. The first amended complaint will also be considered as supplemental to the original complaint (Filing No. 1), except that all claims alleged against the Tecumseh State Correctional Institution ("TSCI"), TSCI's Medical Department, or Scott Busboom in his official capacity as Associate Warden at TSCI, are deemed to have been withdrawn by the plaintiff with the filing of the first amended complaint.

## I. SUMMARY OF SECOND AMENDED COMPLAINT

The plaintiff alleges that while incarcerated at TSCI, he was sexually harassed and assaulted by two female staff members for a period of two years, as a result of which he requires mental health counseling and medication. The plaintiff indicates he did not report the acts because of intimidation, but alleges the defendant was aware

that these staff members had engaged in inappropriate contact with other inmates and had not intervened.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849.

## III. DISCUSSION

An Eighth Amendment claim for failure to protect is comprised of two elements. First, an "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Second, the inmate must establish that the defendant prison official recklessly disregarded that risk. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). In other words, the prison official must be deliberately indifferent to an inmate's safety. *Farmer*, 511 U.S. at 834.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (internal quotation and citations omitted). *"*To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind. *Id.* "[W]elcome and voluntary sexual interactions, no matter how inappropriate, cannot as matter of law constitute 'pain' as contemplated by the Eighth Amendment. *Id.* at 1339 (holding that prisoner who entered into consensual relationship with guard had not established the existence of the objective component of a cause of action under the Eighth Amendment).

The plaintiff was directed to file a second amended complaint because he had failed to allege any facts to show that his sexual contact with the two female TSCI staff members caused him "pain" as contemplated by the Eighth Amendment. Liberally construed, the second amended complaint cures this pleading deficiency and states a claim upon which relief can be granted against the defendant Scott Busboom in his individual capacity.

IT IS THEREFORE ORDERED that:

1.    This matter may proceed to service of process as to the plaintiff's Eighth Amendment claim against Scott Busboom in his individual capacity.

2. The clerk of the court is directed to send to the plaintiff (a) a copy of the Second Amended Complaint, (b) a copy of this Memorandum and Order, (c) a Summons Form, and (d) a USM 285 Form for service on Scoot Busboom in his individual capacity. (See attached Notice Regarding Service.)

[Federal Rule of Civil Procedure 4(m)](Federal Rule of Civil Procedure 4(m)) requires service of the complaint on a defendant within 90 days of filing the complaint. However, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. (See this court's General Order No. 2015-06.)

3. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from the plaintiff. In making such a request, the plaintiff must complete the USM 285 Form to be submitted to the clerk of the court with the completed Summons Form. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the Summons Form and forward it to the United States Marshal for service on the defendant, together with a copy of the Second Amended Complaint.

4. The clerk of the court is directed to set the following pro se case management deadline: September 28, 2016: check for completion of service of process.

DATED this 31st day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

## Notice Regarding Federal Rule of Civil Procedure 4

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims).

In this case, Rule 4(e) means copies of the summons and complaint must be served on the defendants individually.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.